Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6787 W. Tropicana Avenue, Suite 250
Las Vegas, Nevada 89103
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff,*
Aaron Dean

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AARON DEAN, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br> vs.<br><br>ACCOUNT RECOVERY SOLUTIONS, LLC, D.B.A. ASSOCIATION RECOVERY SERVICES,<br><br>     Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA")**<br><br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

///

**INTRODUCTION**

1.  Aaron Dean ("Plaintiff"), individually and on behalf of all others similarly situated, through his counsel, brings this action to challenge the actions of Account Recovery Solutions, LLC, D.B.A. Association Recovery Services ("Defendant"), regarding attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff to suffer damages.

2.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

3.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.  Unless otherwise stated, all the conduct engaged in by  took place in the State of Nevada.

6.  Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

7.  Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

6.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

7.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA" or the "Act").

8.   Defendant are subject to personal jurisdiction in Nevada, as they conduct business in Nevada, and specifically reached into Nevada to attempt to collect debt from Plaintiff in Nevada.

9.   Venue is proper pursuant to 28 U.S.C. § 1391 because all of the events giving rise to this lawsuit occurred in Nevada and within this judicial district, Plaintiff resides within this federal judicial district, the conduct complained of herein occurred within this federal judicial district, and Defendant conducted business within this federal judicial district at all times relevant.

## PARTIES

10.  Plaintiff is a natural person who resides in North Las Vegas, Clark County, Nevada.

11.  Plaintiff is a consumer as the term is defined by 15 U.S.C. § 1692a(3).

12.  Plaintiff is alleged to owe a "debt" as that term is defined by 15 U.S.C. 1692a(5) and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13.  Defendant is a licensed collection agency specializing in HOA (Homeowners Association) collection and non-judicial foreclosure services with an office and principal place of business in the State of Nevada that regularly engages in debt collection. Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6), who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or

who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

**Factual Allegations**

14.   Sometime prior to January of 2023, Plaintiff allegedly incurred financial obligations to an original creditor, Waterfall Homeowners Association, primarily for unpaid fees, which was a "debt" as that term is defined by 15 U.S.C. § 1692a(5) (the "Debt").

15.   Plaintiff allegedly left their alleged debt unpaid and sometime thereafter Defendant were assigned or transferred the Debt and proceeded to engage in collection activities in attempts to collect upon the alleged Debt.

**<u>January 5, 2023 Letter from Defendant</u>**

16.   On January 5, 2023, Defendant sent Plaintiff an erroneous letter for the purposes of collecting an alleged debt, stating: an alleged $1,177.45 in delinquent assessments, collection fees, and costs was owed.

17.   The January 5, 2023 letter was the first written correspondence from Defendant and before the body of the letter it had the following language in all capitalized and bold letters: "**WARNING! IF YOU FAIL TO PAY THE AMOUNT SPECIFIED IN THIS NOTICE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE!**"

18.   The first paragraph of the letter read as follows:

> "Waterfall Homeowners Association has turned your account over to Association Recovery Services for non-payment of your assessments. Information regarding your community association obligations can be found in your Covenants, Conditions & Restrictions (CC&R's) which were signed for and acknowledged by you upon your property's close of escrow. The total amount due through January 5, 2023 is $1,177.45 including collection fees and costs. This amount includes delinquent assessments, collection fees and costs and any other sums due. Please note that failure to remit payment in full or failure to contact our office within 30 days will result in further non-judicial foreclosure proceedings against your property, which will result in the assessment of substantial additional fees and costs.

Unless you, within thirty days after receipt of this notice, dispute the validity of this debt, or any portion thereof, the debt will be assumed to be valid. If you notify us in writing within 30 days that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

19. The letter went on to give the notice required by 15 U.S.C. § 1692g providing Plaintiff the opportunity to dispute the debt.

20. Since Plaintiff was current on his assessments, Plaintiff disputed the letter, asserting that his assessments were current, and demanded an accounting from Defendant.

### January 31, 2023 Letter from Defendant

21. On January 31, 2023, Defendant sent Plaintiff a second letter for the purposes of collecting an alleged debt, stating: an alleged $1,177.45 in delinquent assessments, collection fees, and costs was owed.

22. Within this letter Defendant again stated in bold capitalization, "**WARNING! IF YOU FAIL TO PAY THE AMOUNT SPECIFIED IN THIS NOTICE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE!**"

23. Within this letter, Defendant attached a breakdown of charges and provided verification of the debt by supplying an account ledger from the Waterfall Homeowners Association, the original creditor.

24. Confusingly, the account ledger showed that Plaintiff owed $0.00 in monthly assessments, $0.00 in Special Assessments, and $0.00 in Reserve Assessments despite the previous letter claiming Plaintiff owed delinquent assessments.

25. The amount owed to the Defendant within the leger consisted of fines that the Plaintiff had accrued from March 22, 2022, to November 16, 2022, rather than any delinquent assessments.

26. In accordance to Nevada Revised Statutes, NRS 116.31162 (6) on Foreclosure of liens: The association may not foreclose a lien by sale based on a fine or penalty for a violation of the governing documents of the association unless: (a) The violation poses an imminent threat of causing a substantial adverse effect on the health, safety or welfare of the unit's owners or residents of the common-interest community; or (b) The penalty is imposed for failure to adhere to a schedule pursuant to NRS 116.310305

27. Defendant attempted to foreclose a lien based on fines Plaintiff owed Defendant.

28. Plaintiff's alleged violations posed no adverse effect on the health, safety or welfare of the unit's owners or residents of the common-interest community and was current on all assessments, therefore Defendant did not have the right nor ability to foreclose or threaten to foreclose on Plaintiff's property.

29. Defendant letters to Plaintiff made several false and deceptive statements.

30. One example of a false statement is that Defendant's balance included "includes delinquent assessments."

31. An additional false statement made by Defendant was that Plaintiff was in danger of losing their home.

32. Plaintiff is informed and believes these false statements were made to scare and intimidate Plaintiff into making a payment on the alleged debt.

33. Defendant's debt collection activity was unlawful, abusive, misleading, caused confusion and uncertainty for Plaintiff, and constituted multiple FDCPA violations.

34. Defendant's collections activities and communications above violated 15 U.S.C. § 1692e(2) by falsely representing the legal status of the Debt in the various documents sent to Plaintiff.

35. Defendant's collections activities and communications above violated 15 U.S.C. § 1692e(5) by threatening action that could not be legally taken.

36.  Defendant's collections activities and communications above violated 15 U.S.C. § 1692e(10) by Defendant's use of various false representations and deceptive means in connection with its attempts to collect the Debt from Plaintiff.

37.  Defendant's collections activities and communications above violated 15 U.S.C. § 1692f because Defendant utilized unfair and unconscionable means in its attempts the Debt from Plaintiff.

38.  Defendant's collections activities and communications above violated 15 U.S.C. § 1692f(l) because Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

39.  The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions.

40.  Plaintiff has been misled, suffered mental anguish and emotional distress, inconvenience, frustration, and stress, and is therefore entitled to actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

41.  The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the 15 U.S.C. §§ 1692, et seq., including but not limited to each one of the above cited provisions.

**Factual Allegations as to Class Claims**

42.  Defendant's debt collection letter to Plaintiff on January 5, 2023 constituted a "communication" as that term is defined by 15 U.S.C. § 1692a(2). Every letter after that also constituted a "communication" under 15 U.S.C. § 1692a(2).

43.  Defendant's Letter is likely to mislead consumers since it claim it can foreclose a lien based on delinquent fines.

44. Defendant's January 5, 2023 letter violated 15 U.S.C. § 1692e(10) by Defendant's use of false representations and deceptive means in connection with its attempts to collect the Debt from Plaintiff.

45. Defendant's January 5, 2023 email violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt.

46. Further, each of Defendant's letters described above (January 5, 2023, and January 31, 2023) misrepresented and deceived Plaintiff regarding Plaintiff's statutory rights under the FDCPA.

47. Each of Defendant's letters described above (January 5, 2023, and January 31, 2023) violated 15 U.S.C. § 1692e(10) by Defendant's use of false representations and deceptive means in connection with its attempts to collect an alleged debt.

48. Each of Defendant's letters described above (January 5, 2023, and January 31, 2023) violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt.

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings this class action on behalf of himself, and on behalf of all others similarly situated.

50. Plaintiff represents and is a member of the "Class" defined as:
> (i) all persons in the United States (ii) who were sent an initial written communication substantially similar or identical to Defendant's January 5, 2023 letter from Defendant (iii) in attempt to recover a consumer debt; (iv) which was not returned undelivered by the United States Postal Service; (vii) who did not have any delinquent assessments at the time of the letter; (viii) within one year prior to the filing of the Complaint in this action.

51. Defendant and their employees or agents are excluded from the Class.

52. Additionally, Plaintiff represents and is a member of the "Class" defined as:
> (i) all persons in the United States (ii) who were sent a written communication substantially similar or identical to Defendant's January 31, 2023 letter from Defendant (iii) in

attempt to recover a consumer debt; (iv) which was not returned undelivered by the United States Postal Service; (vii) who did not have any delinquent assessments at the time of the letter; (viii) within one year prior to the filing of the Complaint in this action.

53. Defendant and their employees or agents are excluded from the Class.

54. Plaintiff does not know the exact number of persons in the Class, but believe them to be in the several hundreds, making joinder of all these actions impracticable.

55. The identities of individual members are ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

56. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

a. Whether Defendant violated the FDCPA as described herein;

b. Whether members of the Class are entitled to the remedies under the FDCPA;

c. Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDPCA;

52. As a person who received at least one written communication from Defendant in violation of the FDCPA, as alleged in the Complaint, Plaintiff will fairly and adequately protect the interests of the Class.

53. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

54. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

55. A class action is a superior method for the fair and efficient adjudication of this controversy.

56. Class-wide damages are essential to induce Defendant to comply with the federal alleged in the Complaint.

57. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the combined maximum statutory damages in an individual action under the FDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

58. Defendant have acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

59. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

60. Plaintiff request certification of a hybrid class for monetary damages and injunctive relief.

**COUNT ONE**

**Violation of the Fair Debt Collection Practices Act**

**15 U.S.C. §§ 1692, et seq. (FDCPA)**

61. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

62. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

63. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class and Plaintiff's attorneys be appointed as Class Counsel;

- An Order providing Plaintiff and the Class members with injunctive relief, enjoining Defendant from continuing use of collection communications substantially in the form of the collection communications at issue;

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant for Plaintiff and each putative Class member;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant for Plaintiff and each putative Class member;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and

- Any and all other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

64.    Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.


DATED this 4th day of January 2024.

Respectfully submitted,
**KAZEROUNI LAW GROUP, APC**

By: */s/ Gustavo Ponce*
6069 S Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*